IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:22-CR-00146

FILED
CHARLOTTE, NC

FEB 1 3 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| 1) DERRICK L. HARRISON ) | |

WHEREAS, the defendant, Derrick L. Harrison, has voluntarily pleaded guilty pursuant to Fed. R. Crim. P. 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1), 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c).

WHEREAS, the defendant herein waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(1) & (c)(2), the Court finds that the amount of money set forth herein is the amount of money that the defendant will be ordered to forfeit as a result of the offense(s) to which the defendant has pleaded guilty;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the **following property** is forfeited to the United States:

- **A personal money judgment in forfeiture in the amount of $623,987.23, which sum represents proceeds obtained, directly or indirectly, from the offense pleaded to.**

The **personal money judgment** in forfeiture shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property, real or personal, of the defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p).

Upon the seizure of any property to satisfy all or part of the judgment, if and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United

1

States shall publish notice and provide direct written notice of this forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Fed. R. Civ. P. 45.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), the defendant consents that this order shall be final as to defendant upon filing.

The United States Attorney's Office agrees that, should Defendant be unable to pay the entirety of restitution upon sentencing, the U.S. Attorney's Office shall request the restoration of any finally forfeited assets to the Clerk of Court to pay victims. However, Defendant understands that the authority of whether to grant the U.S. Attorney's Office request and grant restoration ultimately rests with the Department of Justice Money Laundering and Asset Recovery Section, and not the U.S. Attorney's Office.

SO AGREED:

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
DERRICK L. HARRISON
Defendant

_____
SEAN P. DEVEREUX
Attorney for Defendant

Signed: February 13, 2023

_____
ROBERT J. CONRAD, JR.
United States District Judge
Western District of North Carolina

2